

FILED & ENTERED

DEC 29 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY harraway DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | ) CASE NO. SV 08-20561-KT |
| DARRELL F. LANTZY and ) | ) CHAPTER 13 |
| ELIZABETH M. LANTZY, ) | ) |
| ) | ) MEMORANDUM ON CHAPTER 13 |
| ) | ) TRUSTEE'S OBJECTION TO |
| ) | ) CONFIRMATION |
| ) | ) |
| ) | ) Continued Hearing Date: |
| ) | ) DATE:    January 5, 2010 |
| ) | ) TIME:    10:00 a.m. |
| ) | ) PLACE:  Courtroom 301 |
| Debtors. ) | )          21041 Burbank Blvd. |
| ) | )          Woodland Hills, CA |

   Darrell and Elizabeth Lantzy ("Debtors") filed a chapter 13 petition on December 27, 2008. On their Schedule F, Debtors listed unsecured claims in the amount of $129,870.47. On their Schedule D, Debtors listed secured debts totaling $569,505.70. The secured debts include a second trust deed on their Castaic residence ("Residence") held by Washington Mutual in the amount of $252,476. JP Morgan Chase Bank/Washington Mutual filed a proof of claim relating to this second trust deed in the amount of $251,569.32.

   On April 6, 2009, Debtors filed a Motion to Determine Secured Value of Real Property; To Stay Post Petition Payments ("LAM Motion"). In their LAM Motion, Debtors requested a "determination of the secured value of the Real Property located at 30801 Sloan Canyon Rd., Castaic, California 91384 to be $270,000, based upon an appraisal of August 11, 2008, and stay post petition

payments by Debtors and to treat the claims of JP Morgan Chase 4562, as wholly unsecured for purposes of plan confirmation…"

On June 16, 2009, an Order Granting Motion to Value Real Property and Stay Post Petition Payments was entered ("Order"). In part, the Order states "that the claim of JP Morgan Chase 4562, secured by a Second Deed of Trust, is undersecured for purposes of this Chapter 13 Case, such that upon confirmation of DEBTORS' Chapter 13 Plan, JP Morgan Chase 4562 will be treated as a general unsecured claim and paid pro rata with other allowed unsecured claims." As a result of the avoidance of the JP Morgan Chase junior lien ("JP Morgan claim") upon discharge and the classification of the JP Morgan claim as a general unsecured claim, the Debtors' total unsecured debt to be treated in their plan has increased to approximately $381,439.79.

The Chapter 13 Trustee has objected to confirmation of Debtors' plan because Debtors now exceed the unsecured debt limit of $336,900 under 11 U.S.C. § 109(e). Debtors filed a response to the Chapter 13 Trustee's objections on November 2, 2009. Debtors contend that despite the treatment of the JP Morgan claim as unsecured in this case, it should be considered a secured claim for purposes of assessing eligibility because the lien remains until completion of the plan and discharge.

Based on a review of the pleadings, applicable case law, as well as the testimony at the hearings, the court finds that the Chapter 13 Trustee's Objection to Debtors' eligibility must be sustained. A debtor must meet the debt limits as of the petition date. In re Smith, 2009 WL 4048015 (Bkrtcy.C.D.Cal.); Scovis v. Henrichsen (In re Scovis), 249 F.3d 975, 981 (9th Cir. 2001). A court must look at the debtor's schedules to determine whether debt limits have been met. Id. A court may look beyond the schedules to other evidence when a good faith objection to debtor's eligibility has been brought by a party in interest. In re Guastella, 341 B.R. 908, 918 (9th Cir. BAP 2006).

In this case, as an initial matter, as directed by Ninth Circuit law, the court relies on the Debtors' schedules to determine eligibility. In this case, the Debtors appear to be eligible because the JP Morgan claim is listed as a secured claim. However, at the time the case was filed in December 2008, the Debtors were already in possession of an appraisal (dated August 11, 2008) that indicated the value of the Residence was insufficient to provide any security for the JP Morgan claim. In fact, the Debtors relied on this information to prove that very point in their LAM Motion.

In the schedules, the classification of the JP Morgan claim as secured is grounded in the documentation of a lien on the Residence. However, the Debtors could have easily drafted their initial schedules to conform with the information they had about the value. Indeed, they intended to pursue relief that was inconsistent with secured status for JP Morgan. In other words, the Debtors'

"good faith" in assembling their schedules is subject to examination in light of the circumstances. This court must look beyond the schedules and consider whether the schedules were designed to achieve eligibility at the expense of reality.

The valuation of the Residence under 11 U.S.C. §506(a) in the LAM Motion relegated the JP Morgan claim to unsecured status in this bankruptcy case. Under § 506(d), the lien is rendered void. However, if the case is dismissed, the lien is reinstated under § 349(b)(1)(C). The fact that the ultimate outcome remains unknown until the Debtors succeed or fail in earning a discharge as opposed to a dismissal does not change the fact that the LAM Motion confirmed the status of JP Morgan's claim as unsecured.

While the court recognizes the lien interest is contingent until Debtors complete their chapter 13 case and receive a discharge, Debtors are receiving the benefit of treatment of their claim as unsecured during the pendancy of their case. Therefore, in accordance with Scovis and Smith, JP Morgan's completely undersecured debt must be counted as unsecured for purposes of §109(e).

It is unfortunate that many Debtors whose financial problems could best be handled in a chapter 13 case are pushed into the more cumbersome and expensive process of chapter 11. Until amendment of the statute or clear direction otherwise from the Ninth Circuit, this court concludes that the JP Morgan claim may not be treated as unsecured in the plan and secured for determining eligibility. Debtors must meet the eligibility requirements of chapter 13 based on known facts.

Based on the foregoing, the Debtors are not eligible for relief in chapter 13 because they exceed the debt limits.

IT IS SO ORDERED.


###


DATED: December 29, 2009

*Kathleen Thompson*
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

I hereby certify that copies of the MEMORANDUM ON CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION were mailed to the following parties in interest:

DATED:＿＿＿＿＿＿＿＿　　　MIKE ROTBERG
　　　　　　　　　　　　　　ACTING CLERK OF COURT


　　　　　　　　　By:
　　　　　　　　　　　Deputy Clerk

| ELECTRONIC SERVICE | SERVICE BY MAIL |
|---|---|
| • Louis J Esbin<br>　Esbinlaw@sbcglobal.net<br>• Clare Gadd<br>　cgadd@mosscodilis.com<br>• Joe M Lozano<br>　notice@NBSDefaultServices.com<br>• Elizabeth (SV) Rojas<br>　cacb_ecf_sv@ch13wla.com<br>• Ramesh Singh<br>　claims@recoverycorp.com<br>• United States Trustee (SV)<br>　ustpregion16.wh.ecf@usdoj.gov | PRA Receivables Management, LLC<br>POB 41067<br>Norfolk, VA 23541<br><br>Darrell and Elizabeth Lantzy<br>30801 Sloan Canyon Road<br>Castaic, CA 91384 |